1    Thomas C. Hurrell, State Bar No. 119876
     E-Mail: thurrell@hurrellcantrall.com
2    Erica Bianco, State Bar No. 254988
     E-Mail: ebianco@hurrellcantrall.com
3    Jessica B. Coffield, State Bar No. 274122
     E-Mail: jcoffield@hurrellcantrall.com
4    HURRELL CANTRALL LLP
     700 South Flower Street, Suite 900
5    Los Angeles, California 90017-4121
     Telephone: (213) 426-2000
6    Facsimile: (213) 426-2020



7    Attorneys for Defendants COUNTY OF LOS ANGELES
     and LOS ANGELES COUNTY SHERIFF'S
8    DEPARTMENT

9

10       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13    SUSAN P. ENG, VINCENT ENG,    CASE NO. CV 12 10892 (SVW-PJW)
     VINLY ENG, GET LIM, EK TEK
14    ENG, AND NANCY ENG, ON    [Exempt Pursuant to Gov. Code §6103]
     BEHALF OF THE ESTATE OF
15    JAZMYNE HA ENG,    Los Angeles Superior Court
                         Case No. GC050485
16          Plaintiffs,    **NOTICE OF REMOVAL OF**
                             **ACTION UNDER 28 U.S.C. §§**
17          v.    **1441(a) AND 1446(a)**
18    PACIFIC CLINICS DBA ASIAN    State: Assigned to Hon. C. Edward
     PACIFIC FAMILY CENTER; THE    Simpson, Dept. "R"
19    COUNTY OF LOS ANGELES; THE
     LOS ANGELES COUNTY SHERIFF'S
20    DEPARTMENT, and DOES 1-100,    Action Filed:      11/14/12
                             Trial Date:       None Set
21           Defendants.

22    **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

23            PLEASE TAKE NOTICE that Defendants COUNTY OF LOS ANGELES

24    and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("Defendants")

25    hereby removes this action from the Superior Court for the State of California,

26    County of Los Angeles to the United States District Court for the Central District of

27    California. The removal is made pursuant to 28 U.S.C. § 1446(a), on the facts set

28    forth below:

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1.     The County of Los Angeles, Los Angeles County Sheriff's Department, and Pacific Clinics D/B/A Asian Pacific Family Center are named defendants in this civil action filed in the Superior Court of the State of California, County of Los Angeles entitled *Susan P. Eng, et al. v. Pacific Clinics D/B/A Asian Pacific Family Center., et al.,* Superior Court Case No. GC050485.  Plaintiffs filed their Complaint on November 14, 2012.  A true and correct copy of Plaintiffs' Complaint is attached as Exhibit 1, including the Attachments, Notice of Case Management Conference, Civil Case Cover Sheet and Civil Case Cover Sheet Addendum and Statement of Location.

2.     This action meets the original jurisdiction requirements of 28 USC § 1441(a) and is removable by Defendant pursuant to 28 USC § 1446(a).  A case is removable from state to federal court if the action could have been originally commenced in federal court.  28 USC § 1441(a); *Grubbs v. General Electric Credit Corp.*, 405 US 699, 702 (1972).  The propriety of removal is determined at the time the petition for removal is filed by reference to the plaintiff's complaint filed in state court.  *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339, 343-44 (3d Cir. 1974).  When the complaint states a claim invoking the original jurisdiction of the federal court, the action is removable.  *Id.*  Under the Judicial Code, federal district courts have original jurisdiction in the district courts over all actions brought under 42 USC § 1983.  *See* 28 USC § 1343(a)(3).  Moreover, the Code confers original jurisdiction in the district courts over all actions involving federal questions.  *See* 28 USC § 1331.

3.     The gravamen of this action is the federal civil rights claims set forth in the sixth through ninth causes of action of Plaintiffs' Complaint.

4.     State claims are also asserted in the first through fifth and tenth through thirteenth causes of action of Plaintiffs' Complaint.  When an action originally filed in state court is removed to federal court, the federal tribunal has jurisdiction to determine not only the federal claims but all pendent state claims which derive "from a common nucleus of operative fact."  *United Mine Workers v. Gibbs,* 383

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1  U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

2      5. Defendant County of Los Angeles and Los Angeles Sheriff's Department

3  were served with Plaintiffs' Complaint on or around November 26, 2012, and

4  consents to this removal. The Pacific Clinics D/B/A Asian Pacific Family Center

5  was also served with Plaintiffs' Complaint and is joining in this removal. (See

6  Notice of Joinder of Pacific Clinics, Declaration of Robert McKenna).

7      6.      Moreover, other than persons identified in the caption as "DOES 1 TO

8  100, inclusive," there are no other named defendants in this lawsuit. Therefore,

9  there are no other defendants who need to consent in order for this case to be

10  removed.

11      7.      The Notice of Removal is filed with this Court within 30 days after

12  Defendant County of Los Angeles was served with the Complaint on November 26,

13  2012. (See Declaration of Thomas C. Hurrell).

14      8.      The Notice of Removal is being filed in this Court and in the Superior

15  Court of the State of California, County of Los Angeles.

16      WHEREFORE, the above-entitled action, now pending in the Superior Court of

17  the State of California, County of Los Angeles, is removed to the United States

18  District Court for the Central District of California.

DATED: December 2̲0̲, 2012      HURRELL CANTRALL LLP

By: _____

THOMAS C. HURRELL
ERICA BIANCO
JESSICA COFFIELD
Attorneys for Defendants COUNTY OF
LOS ANGELES and  LOS ANGELES
COUNTY SHERIFF'S DEPARTMENT

*(left margin, vertical text)* HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

## DECLARATION OF THOMAS C. HURRELL

I, THOMAS C. HURRELL, do hereby declare that I have personal knowledge of the facts set forth herein and that if called as a witness in this case, I could and would competently testify as follows:

1.      I am an attorney at law duly licensed to practice before this Court and all the courts of the State of California.  I am a partner in the law firm of Hurrell Cantrall, attorneys for Defendants County of Los Angeles and Los Angeles Sheriff's Department in the case of *Susan P. Eng, et al. v. Pacific Clinics DBA Asian Pacific Family Center, et al.,* Superior Court Case No. GC050485, now pending in the Los Angeles Superior Court.

2.      Attached as Exhibit 1 is a true and correct copy of Plaintiffs' Complaint, including the Attachments, Order to Show Cause Hearing, Notice of Case Management Conference, Civil Case Cover Sheet and Civil Case Cover Sheet Addendum and Statement of Location.

3.      Defendants County of Los Angeles and Los Angeles Sheriff's Department were served with Plaintiffs' Complaint on November 26, 2012, and consents to this removal.  Attached as Exhibit 2 are true and correct copies of the summons for Defendants County of Los Angeles and Los Angeles Sheriff's Department.  The Pacific Clinics DBA Asian Pacific Family Center was also served with Plaintiffs' Complaint and is joining in this removal.  (See Notice of Joinder of Pacific Clinics, Declaration of Robert McKenna).

4.  In addition, other than persons identified in the caption as "DOES 1 TO 100, inclusive," there are no other named defendants in this lawsuit.  Therefore, there are no other defendants who need to consent in order for this case to be removed.

5.  The Notice of Removal is filed with this Court within 30 days after Defendant County of Los Angeles was served with the Complaint on November 26, 2012.

6.  This Notice of Removal is being filed in this Court and in the Los Angeles Superior Court.

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

1    I declare under penalty of perjury pursuant to the laws of the United States of

2    America that the foregoing is true and correct.

3    Executed on December 2 , 2012, at Los Angeles, California.

4

5    _____

     THOMAS C. HURRELL

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

-5-

# EXHIBIT - 1

1  THOMAS V. GIRARDI — STATE BAR NO. 36603
   ROBERT W. FINNERTY — STATE BAR NO. 119775
2  **GIRARDI & KEESE**
   1126 Wilshire Blvd
3  Los Angeles, California, 90017
   Telephone (213) 977-0211
4  Facsimile (213) 481-1554
5
6  Attorneys for PLAINTIFFS
7
8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9        FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT
10 SUSAN P. ENG, VINCENT ENG, VINLY         CASE NO.
   ENG, GET LIM, EK TEK ENG, AND                    G C 0 5 0 4 8 5
11 NANCY ENG, ON BEHALF OF THE             **PLAINTIFF'S COMPLAINT FOR**
   ESTATE OF JAZMYNE HA ENG.               **DAMAGES**
12
13          PLAINTIFFS,                    1) NEGLIGENCE;
14                                         2) ASSAULT;
        v.                                 3) BATTERY BY A PEACE OFFICER;
15                                         4) CALIFORNIA CIVIL RIGHTS   (CIVIL
                                           CODE § 52.1 (A) & (B);
16 PACIFIC CLINICS DBA ASIAN PACIFIC       5) UNRUH CIVIL RIGHTS ACT;
   FAMILY CENTER; THE COUNTY OF            6) VIOLATION OF FEDERAL CIVIL
17 LOS ANGELES; THE LOS ANGELES            RIGHTS (42 U.S.C. § 1983);
   COUNTY SHERIFF'S DEPARTMENT, and        7) EXCESSIVE USE OF FORCE (42 U.S.C.
18 DOES 1-100,                             § 1983);
19                                         8) LOCAL GOVERNMENT LIABILITY
          DEFENDANTS.                      (42 U.S.C. § 1983);
20                                         9) FAILURE TO TRAIN (42 U.S.C. §
                                           1983);
21                                         10) NEGLIGENT INFLICTION OF
22                                         EMOTIONAL DISTRESS;
                                           11) INTENTIONAL INFLICTION OF
23                                         EMOTIONAL DISTRESS;
                                           12) NEGLIGENT CONDUCT OF PUBLIC
24                                         EMPLOYEE
25                                         13) WRONGFUL DEATH
26
27
28

-1-

PLAINTIFFS' COMPLAINT FOR DAMAGES

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

COMES NOW PLAINTIFFS, SUSAN P. ENG, VINCENT ENG, VINLY ENG, GET LIM, EK TEK ENG, AND NANCY ENG, ON BEHALF OF THE ESTATE OF JAZMYNE HA ENG (collectively referred to as "PLAINTIFFS"), for causes of action against the DEFENDANTS, and each of them, complains and alleges as follows:

### I.

### INTRODUCTION

1.      This complaint arises out of an incident occurring on January 4, 2012 at the Asian Pacific Family Center, located at 9353 Valley Blvd., Rosemead, California 91770 (hereinafter "THE LOCATION").

2.      At THE LOCATION, Decedent JAZMYNE HA ENG was brutally shot and killed by Los Angeles County Deputies.

3.      JAZMYNE HA ENG tragically died from a direct kill-shot to her chest by the Los Angeles County Sheriff's Department Deputies (hereinafter "DEPUTIES"). The DEPUTIES shot JAZMYNE an additional time in her right hand. As a result of the DEPUTIES' unauthorized and unprovoked use of excessive and deadly force, JAZMYNE HA ENG suffered pain, mental anguish, emotional and physical distress, and ultimately this action led to her tragic death. In addition, JAZMYNE HA ENG's family SUSAN P. ENG, VINCENT ENG, VINLY ENG, GET LIM, EK TEK ENG, AND NANCY ENG (hereinafter "PLAINTIFFS") suffered severe emotional distress, pecuniary damages, and loss of society, comfort, services, attention, and support as a result of the DEPUTIES' use of excessive force on their beloved family member JAZMYNE.

4.      On June 29, 2012, PLAINTIFFS timely served on DEFENDANTS COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a tort claim in accordance with Government Code §§910 and 911.2, incorporated herein. That on or about August 2, 2012, PLAINTIFF's tort claim was rejected.

-2-

PLAINTIFFS' COMPLAINT FOR DAMAGES

## II.

## THE PARTIES

5.     JAZMYNE HA ENG was a resident of the city of Rosemead, in the County of Los Angeles, State of California during all times relevant to this Complaint.  JAZMYNE HA ENG was survived by her parents, GET LIM and EK TEK ENG, and her siblings NANCY H. ENG, SUSAN P. ENG, VINCENT ENG, and VINLY ENG.

6.     GET LIM, EK TEK ENG, NANCY ENG, SUSAN P. ENG, VINCENT ENG, and VINLY ENG (hereinafter "PLAINTIFFS"), bring and maintain the present action and all claims asserted herein individually and on behalf of Decedent JAZMYNE HA ENG and the ESTATE OF JAZMYNE HA ENG pursuant to California's *Code of Civil Procedure*, Section 377.20.

7.     PLAINTIFFS, GET LIM, and EK TEK ENG, are the successors in interest of JAZMYNE.  Pursuant to California's *Code of Civil Procedure*, Section 377.60, GET LIM and EK TEK ENG have standing to bring a wrongful death action because they are entitled to the property of the decedent by intestate succession.  California's *Probate Code*, Section 6402.

8.     PLAINTIFFS, at all times mentioned herein, were residents of the County of Los Angeles, California.

9.     PLAINTIFFS are informed and believe, and thereupon allege, Defendant ASIAN PACIFIC FAMILY CENTER (hereinafter "APFC"), is now, and at all times mentioned in this Complaint was, a mental health facility headquartered at 9353 Valley Boulevard, Rosemead, California 91770.  APFC is a subsidiary of PACIFIC CLINICS, which was organized and operates under the laws of the State of California.

10.     PLAINTIFFS are informed and believe, and thereupon allege, Defendant COUNTY OF LOS ANGELES, (hereinafter "COUNTY") is now, and at all times mentioned in this Complaint was, a municipal corporation and political subdivision organized and existing under the laws of the State of California and owns, operates, manages, directs and controls the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter "LACSD"), an operating department of the COUNTY.

- 3 -

11.    Plaintiff is informed and believes, and thereupon alleges Defendant, DEPUTY JOHN DOE 1, is now, and at all material times was employed as a sheriff, deputy, sergeant, detective, and/or civilian employee, agent and representative of the LAW ENFORCEMENT DEFENDANTS. The Plaintiff will seek leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named defendant when the same has ascertained.

12.    Plaintiff is informed and believes, and thereupon alleges Defendant, DEPUTY JOHN DOE 2, is now, and at all material times was employed as a sheriff, deputy, sergeant, detective, and/or civilian employee, agent and representative of the LAW ENFORCEMENT DEFENDANTS. The Plaintiff will seek leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named defendant when the same has ascertained.

13.    Plaintiff is informed and believes, and thereupon alleges Defendant, DEPUTY JOHN DOE 3, is now, and at all material times was employed as a sheriff, deputy, sergeant, detective, and/or civilian employee, agent and representative of the LAW ENFORCEMENT DEFENDANTS. The Plaintiff will seek leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named defendant when the same has ascertained.

14.    Plaintiff is informed and believes, and thereupon alleges Defendant, DEPUTY JOHN DOE 4, is now, and at all material times was employed as a sheriff, deputy, sergeant, detective, and/or civilian employee, agent and representative of the LAW ENFORCEMENT DEFENDANTS. The Plaintiff will seek leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named defendant when the same has ascertained.

15.    In doing the acts alleged in this Complaint, defendants DEPUTY JOHN DOE 1, DEPUTY JOHN DOE 2, DEPUTY JOHN DOE 3, and DEPUTY JOHN DOE 4 (hereinafter collectively "DEPUTIES") were acting under the color of statutes, ordinances, regulations, customs, laws, and usages of LAW ENFORCEMENT DEFENDANTS and the State of California and under the authority of their respective offices.

16.    PLAINTIFFS herein refer collectively to the COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, DEPUTIES and DOES 5-100 as the "LAW ENFORCEMENT DEFENDANTS."

- 4 -

17.    PLAINTIFFS are informed and believe, and thereupon allege, that at all times mentioned herein, LAW ENFORCEMENT DEFENDANTS and each of them, including DEPUTIES and DOES 5 through 100, inclusive and each of them, were the agents, servants, employees and/or joint venturers of their codefendants, and were, as such, acting within the course, scope and authority of said agency, employment and/or joint venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection, hiring, training and supervision of each and every defendant as an agent, employee and/or joint venturer.

18.    The true names and/or capacities, whether individual, corporate, associate or otherwise, of the DEFENDANT DEPUTIES and DOES 5 through 100, inclusive, and each of them, are unknown to PLAINTIFFS, who therefore sues said DEFENDANTS by such fictitious names. PLAINTIFFS are informed and believe, and thereupon allege, that each of the DEFENDANTS fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that said DEFENDANTS proximately caused the injuries to PLAINTIFFS, as hereinafter alleged. The PLAINTIFFS will seek leave of court to amend this Complaint to insert the true names and/or capacities of such fictitiously named DEFENDANTS when the same has been ascertained.

19.    PLAINTIFFS are informed and believes, and thereupon alleges, that at all times mentioned herein DEFENDANTS DOES 5-100 were engaged in the acts, deeds or conduct by and through one or more of its officers, sheriffs, deputies, sergeants, detectives, and/or civilian employees, and representative directors, agents, employees or representatives who were actively engaged in the management, direction, control or transactions of COUNTY OF LOS ANGELES, and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT'S ordinary business affairs. PLAINTIFFS are informed and believe and thereupon allege that at all times relevant hereto each of the LAW ENFORCEMENT DEFENDANTS was the agent, affiliate, officer, director, manager, principal, alter-ego and/or employee of the other defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to,

- 5 -

1 full knowledge of each and all of the violations of PLAINTIFFS' rights and the damages to
2 PLAINTIFFS proximately caused thereby.

### III.

### JURISDICTION AND VENUE

5      20.     This Court has jurisdiction over Defendant COUNTY and the LACSD are
6 government entities organized under California law and existing in the county of Los Angeles
7 within the State of California.

8      21.     This Court has jurisdiction over Defendants DEPUTIES and DOES 5-100, inclusive,
9 because they were employed by Defendants COUNTY and LACSD.

10      22.     This Court has jurisdiction over Defendant APFC because it is headquartered at 9353
11 Valley Boulevard, Rosemead, Los Angeles County, California 91770.

12      23.     Venue is proper in the County of Los Angeles pursuant to Section 395(a) of the
13 California Code of Civil Procedure as incidents giving rise to this action occurred in the City of
14 Rosemead, County of Los Angeles.

### IV.

### GENERAL ALLEGATIONS

17      24.     On or about January 4, 2012, JAZMYNE HA ENG was brutally shot and killed by
18 Los Angeles County Deputies at the APFC, located at 9353 Valley Blvd., in Rosemead, Los
19 Angeles County, California.

20      25.     JAZMYNE HA ENG died at THE LOCATION and was pronounced dead at 3:36
21 P.M.

22      26.     On or about January 4, 2012, JAZMYNE HA ENG walked to the APFC at THE
23 LOCATION seeking medical treatment from her doctor of over twelve years. JAZMYNE HA
24 ENG was well-known to the workers of the APFC and her community. She was known to be
25 gentle and non-violent. In addition, JAZMYNE HA ENG worked as an employee, volunteered,
26 and regularly participated in activities and workshops at the APFC.

27      27.     On or about January 4, 2012, JAZMYNE HA ENG patiently waited over five hours
28 in the lobby of the APFC for assistance.

PLAINTIFFS' COMPLAINT FOR DAMAGES

28.     On or about January 4, 2012, at 3:28 P.M., the APFC called the Temple Station dispatch desk stating that there was a "low-level threat emergency situation." Further, APFC stated that JAZMYNE HA ENG had been "waiting in the lobby very calmly with a ball-peen hammer in her lap." The director also informed the dispatcher that JAZMYNE HA ENG was "middle-aged, female, small-stature who is known to [them] as a patient" and that she was mentally ill. APFC requested that the Deputies meet the director outside the front door, and provided the dispatcher with the director's cell phone number.

29.     PLAINTIFFS are informed and believe, and thereupon allege, that Defendant APFC was aware that JAZMYNE HA ENG suffered from mental illnesses which made her believe she was being watched and followed.

30.     PLAINTIFFS are informed and believe, and thereupon allege, that Defendant APFC knew a group of deputies bursting into the center would frighten JAZMYNE HA ENG. In fact, the director requested that the deputies respond without their emergency lights and sirens on.

31.     PLAINTIFFS are informed and believe, and thereupon allege, the APFC failed to procure a policy, procedure, or other method for dealing with a distraught patient.

32.     On or about January 4, 2012, subsequent to the director's call for service, the DEPUTIES arrived at the APFC. Four male deputies stormed into the APFC, screaming at JAZMYNE HA ENG to drop the ball-peen hammer. Frightened and scared for her life by the threatening, fully-armed, adrenaline-charged, and much larger male-deputies, JAZYMYNE HA ENG stood from her seated position. The DEPUTIES then shot taser darts at JAZMYNE HA ENG. Due to the DEPUTIES' ineptitude, they missed her completely. Then as she was standing, the DEPUTIES shot her twice.

33.     As a result of poor training, lack of policies in place to properly handle mentally ill people, or pure careless and reckless disregard for human life by the DEFENDANTS, the four deputies carelessly and recklessly shot TASER darts at JAZMYNE HA ENG. Like the countless other documented episodes of law enforcement attempting to "TASE" mentally ill people, this incident would similarly end with the death of the mentally ill person.

PLAINTIFFS' COMPLAINT FOR DAMAGES

34.   Poor aim by the shooting deputy or malfunction of the TASER dart rendered the shot ineffective. At 3:36 P.M., a mere eight minutes from the time the call for service, one of the DEPUTIES immediately responded to the TASER failure by brutally shooting JAZMYNE HA ENG multiple times—one shot to the chest, the other to her right hand.

35.   JAZMYNE HA ENG immediately fell to the floor and paramedics were summoned to the scene. On or about January 4, 2012 at 3:56 P.M. Dr. Maina from LAC/USC Medical Center determined JAZMYNE HA ENG's death.

36.   The DEPUTIES' use of deadly force was unprovoked and malicious. At no point did JAZMYNE HA ENG pose any sort of threat that would warrant the use of such deadly force. Despite this, the DEPUTIES responded with unreasonable, excessive and deadly force.

37.   The DEPUTIES failed to evaluate the situation prior to shooting TASER darts at JAZMYNE HA ENG. The DEPUTIES similarly failed to evaluate the situation after the failure of the TASER darts by shooting their service weapons and brutally killing JAZMYNE HA ENG. Further, the DEPUTIES failed to consider that they were clearly responding to a mental health center with patients having mental illnesses.

38.   On information and belief, a reasonable law enforcement officer would not have discharged his or her service weapon and killed JAZMYNE HA ENG under the same circumstances because: (a) JAZMYNE HA ENG posed no real, immediate or significant threat of death to the DEPUTIES or the public that would necessitate deadly force; (b) JAZMYNE HA ENG was severely outnumbered by the DEPUTIES and her petite size and stature should not have threatened four male, trained, and fully armed deputies; (c) the dispatcher was notified by Dr. Glen Masuda of the APFC that JAZMYNE HA ENG was mentally ill and peacefully waiting in the lobby and posed no immediate threat; and (d) there were several alternative means of responding to the situation without resulting to the most extreme level of force—deadly force.

39.   At all times relevant hereto, DEFENDANTS were responsible for the training of all deputies and/or officers of Defendant COUNTY in the proper use of firearms in the performance of their duties as deputies. Defendant DEPUTIES were trained by the LACSD, in the use of firearms in accordance with the statutes, ordinances, regulations, customs, and usages of the

- 8 -

DEFENDANTS and the State of California. DEFENDANTS were also responsible for enforcing the regulations of the COUNTY and CITY and for ensuring that law enforcement personnel obeyed the laws of the State of California and the United States of America.

40. By reason of the aforementioned acts of DEFENDANTS, and each of them, PLAINTIFFS were compelled to secure the services of an attorney at law to redress the wrongs herein mentioned and by virtue thereof, PLAINTIFFS are indebted and liable for attorney's fees.

41. As a result of the unwarranted and excessive use of force, JAZMYNE HA ENG suffered a tragic and unnecessary death. JAZMYNE HA ENG's family, PLAINTIFFS, has also suffered from the tragic and wrongful death of their beloved family member. PLAINTIFFS have been injured in the mind and have suffered severe emotional distress from the heartbreaking death of JAZMYNE HA ENG.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

(Against all Defendants)

42. PLAINTIFFS hereby incorporate by reference each and every allegation contained in the foregoing paragraphs, as though each was fully set forth at length herein.

43. On or about January 4, 2012, and thereafter, JAZMYNE HA ENG and PLAINTIFFS were entitled to a duty of care by the Defendants, and each of them.

44. On or about said date, the Defendants, and each of them, breached the duty of due care owed to PLAINTIFFS in that the Defendants negligently subjected JAZMYNE HA ENG to grave and deadly bodily injury while the Defendants, and each of them knew, or in the exercise of reasonable care, should have known that JAZMYNE HA ENG did not pose a threat of harm to the defendant OFFICERS or others.

45. That the failure of the APFC to have procured a policy, procedure, or other method to handle a distraught patient breached the duty of due care owed to PLAINTIFFS and JAZMYNE HA ENG in that the APFC should have reasonably foreseen the possibility that a patient may behave in a similar manner as JAZMYNE HA ENG, and calling law enforcement would likely lead to a similarly tragic result.

- 9 -

46.     That the conduct, acts, omissions, policies, patterns, practices and customs of LAW ENFORCEMENT DEFENDANTS and DEPUTIES, and each of them, were engaged in, done, performed, formulated, drafted, implemented, executed and/or maintained negligently, recklessly, willfully and wantonly by the aforesaid Defendants, and each of them, thereby proximately causing injuries and damages to PLAINTIFFS as hereinafter described.

47.     That on or about January 4, 2012 DEPUTIES and DOES 5-100, inclusive, and each of them while acting under the course and scope of their employment with Defendants COUNTY OF LOS ANGELES, and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, negligently used excessive, deadly force against JAZMYNE HA ENG, by among other things, firing a TASER gun at a mentally ill woman despite the fact that JAZMYNE HA ENG never threatened or used force warranting lethal force against the officers. That said DEFENDANTS and each of them, unnecessarily, unreasonably and negligently used force against JAZMYNE HA ENG, unnecessarily, unreasonably and negligently drew and brandished their weapons at JAZMYNE HA ENG and/or otherwise unnecessarily used said weapons against JAZMYNE HA ENG.  It was the DEPUTIES' actions that escalated JAZMYNE HA ENG'S reaction to be in fear for her life.

48.     That at all relevant times, the Defendants, inclusive, and each of them, knew, or in the exercise of reasonable care should have known, that JAZMYNE HA ENG should never have been shot with a TASER gun, and should never have been shot multiple times, or any other means of deadly force.

49.     That the LAW ENFORCEMENT DEFENDANTS, and each of them, negligently, recklessly, willfully and wantonly formulated, implemented, executed, authorized and/or ratified an existing, express or implied police policy, pattern, procedure and/or practice of negligently using force despite the mental status of the suspect and/or without reasonable justification for the use of such force.

50.     PLAINTIFFS are informed and believe, and thereupon allege, that the events referred to in the Complaint concerning the unwarranted and unlawful use of excessive force, were directly and proximately caused by the Defendants' conduct, acts, failure to act, omissions, negligence, recklessness, and failure to exercise the duty of ordinary care owed to JAZMYNE HA ENG and

PLAINTIFFS, thereby directly and proximately causing JAZMYNE HA ENG and PLAINTIFFS to suffer serious injuries and extensive damages as described in this Complaint.

51.   PLAINTIFFS are informed and believe, and thereupon allege that, at all times mentioned herein, Defendants, and each of them, knew, or from facts ascertainable through the exercise of reasonable care should have known, that Defendants' employees, agents, servants, independent contractors, and/or co-venturers, were reckless, negligent and unreliable, and said Defendants, and each of them, hired, employed, contracted with and/or retained said employees, agents, servants, independent contractors, and/or co-venturers, despite such knowledge of these facts. Defendants, and each of them, owed a duty of care in the supervision of their employees, agents, servants, independent contractors, and/or co-venturers.

52.   Defendants, and each of them, failed to provide reasonably adequate supervision of their employees, agents, servants, independent contractors, and/or co-venturers, resulting in a dangerous condition as these Defendants, and each of them, condoned and inadequately supervised the activities of said employees, agents, servants, independent contractors, and/or co-venturers, operated, ran, controlled and performed their duties which posed a significant risk of injury to individuals, such as JAZMYNE HA ENG, in a manner reasonably foreseeable and/or known to these Defendants, and each of them.

53.   As a direct and proximate result of the aforementioned breaches, PLAINTIFFS and JAZMYNE HA ENG suffered pain, mental anguish, emotional distress and physical distress, and were injured in mind and body, causing damage in a sum within the jurisdiction of this court and according to proof at trial.

54.   DEFENDANTS, and each of their actions, activities, conduct, and behavior, were a substantial factor in causing PLAINTIFFS' harm.

55.   As alleged above, DEFENDANTS acted with a willful and conscious disregard for JAZMYNE HA ENG's safety thereby entitling PLAINTIFFS to punitive damages (except as to Defendant COUNTY).

PLAINTIFFS' COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

## ASSAULT

### (Against LAW ENFORCEMENT DEFENDANTS)

49. PLAINTIFFS hereby incorporate by reference each and every allegation contained in the foregoing paragraphs, as though each was fully set forth at length herein.

50. That on January 4, 2012, the LAW ENFORCEMENT DEFENDANTS through its employees, DEPUTIES, intended to discharge and did discharge a "TASER" dart into the body of JAZMYNE HA ENG.

51. That on January 4, 2012, the LAW ENFORCEMENT DEFENDANTS through its employees, DEPUTIES, intended to discharge and did discharge bullets from their service weapons into the body of JAZMYNE HA ENG.

52. That at all relevant times, JAZMYNE HA ENG did nothing to warrant the level of force used by LAW ENFORCEMENT DEFENDANTS. At no time was there an intelligible reason consistent with the standards of reasonable suspicion of threat to warrant such an assault.

53. In doing the acts alleged above, LAW ENFORCEMENT DEFENDANTS inclusive, and each of them, engaged in the acts alleged above, it reasonably appeared to JAZMYNE HA ENG, that said LAW ENFORCEMENT DEFENDANTS were about to, and did, carry out the threat of causing a harmful or offensive contact with JAZMYNE HA ENG's person.

54. During the time LAW ENFORCEMENT DEFENDANTS, and each of them, engaged in the acts alleged above, JAZMYNE HA ENG believed, that said LAW ENFORCEMENT DEFENDANTS were about to carry out the threat of causing a harmful or offensive contact with PLAINTIFFS' person.

55. During the time LAW ENFORCEMENT DEFENDANTS, and each of them, engaged in the acts alleged above, it reasonably appeared to JAZMYNE HA ENG, that said LAW ENFORCEMENT DEFENDANTS were about to, and did, carry out the threat of causing a harmful or offensive contact with JAZMYNE HA ENG's person.

56. At no time did JAZMYNE HA ENG freely consent to any of the above described physical acts of LAW ENFORCEMENT DEFENDANTS and each of them.

PLAINTIFFS' COMPLAINT FOR DAMAGES

57.   As a direct and proximate result of the aforementioned breaches, JAZMYNE HA ENG suffered pain, mental anguish, emotional distress and physical distress, and was injured in mind and body ultimately leading to her tragic death, causing damage in a sum within the jurisdiction of this court and according to proof at trial.

58.   LAW ENFORCEMENT DEFENDANTS, and each of their actions, activities, conduct, and behavior, were a substantial factor in causing JAZMYNE HA ENG's death.

59.   The aforementioned acts and omissions of LAW ENFORCEMENT DEFENDANTS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress JAZMYNE HA ENG with a conscious and deliberate disregard of her constitutional rights and by reason thereof, PLAINTIFFS seek punitive and exemplary damages from LAW ENFORCEMENT DEFENDANTS (except as to Defendant COUNTY), and each of them, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### BATTERY BY PEACE OFFICER

(Against LAW ENFORCEMENT DEFENDANTS)

60.   PLAINTIFFS hereby incorporate by reference each and every allegation contained in the foregoing paragraphs, as though each was fully set forth at length herein.

61.   That on or around January 4, 2012, LAW ENFORCEMENT DEFENDANTS through its employees, DEPUTIES, intended and did discharge "TASER" darts into the body of JAZMYNE HA ENG.

62.   That on or around January 4, 2012, LAW ENFORCEMENT DEFENDANTS through its employees, DEPUTIES, intended and did discharge their service weapons into the body of JAZMYNE HA ENG.

62.   That at all relevant times, JAZMYNE HA ENG did nothing to warrant the use of force by DEFENDANTS.  At no time was JAZMYNE HA ENG in danger of escaping, evading and or fleeing from THE LOCATION.  At no time was JAZMYNE HA ENG endangering the lives of the public or the LAW ENFORCEMENT DEFENDANTS.  At no time was there an intelligible reason consistent with the standards of reasonable suspicion of threat to warrant such a battery.

-13-

63.     That LAW ENFORCEMENT DEFENDANTS, and each of them, including DEPUTIES, used unreasonable force to arrest JAZMYNE HA ENG.  At no time did any actions or inactions of JAZMYNE HA ENG warrant the use of unreasonable and excessive force engaged in by the LAW ENFORCEMENT DEFENDANTS.  At no time did any actions or inactions of JAZMYNE HA ENG warrant the taking of her life.

64.     In committing the acts alleged above, LAW ENFORCEMENT DEFENDANTS inclusive, and each of them, acted with the intent to make contact with JAZMYNE HA ENG's person, did make contact with JAZMYNE HA ENG's person, and that said, the LAW ENFORCEMENT DEFENDANTS' contact with JAZMYNE HA ENG's person, was harmful and offensive.

65.     At no time did JAZMYNE HA ENG freely consent to any of the above described physical acts of LAW ENFORCEMENT DEFENDANTS and each of them.

66.     LAW ENFORCEMENT DEFENDANTS, and each of their actions, activities, conduct, and behavior, in their use of excessive and unreasonable force, was a substantial factor in causing JAZMYNE HA ENG's death.

67.     As a direct and proximate result of the aforementioned breaches, JAZMYNE HA ENG suffered pain, mental anguish, emotional distress and physical distress, and was injured in mind and body ultimately leading to her death, causing damages in a sum within the jurisdiction of this court and according to proof at trial.

68.     The aforementioned acts and omissions of LAW ENFORCEMENT DEFENDANTS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress JAZMYNE HA ENG with a conscious and deliberate disregard of JAZMYNE HA ENG's constitutional rights and by reason thereof, PLAINTIFFS seek punitive and exemplary damages from LAW ENFORCEMENT DEFENDANTS (except as to Defendant COUNTY), and each of them, in an amount to be proven at trial.

-14-

## FOURTH CAUSE OF ACTION

### CALIFORNIA CIVIL RIGHTS VIOLATION

(California Civil Code §52.1(a) & (b))

(Against all Defendants)

69. PLAINTIFFS hereby incorporate by reference each and every allegation contained in the foregoing paragraphs, as though each was fully set forth at length herein.

70. On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated JAZMYNE HA ENG's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby providing a civil cause of action against Defendants under California Civil Code Section 52.1.

71. As a proximate result of the aforementioned acts of Defendants, and each of them, JAZMYNE HA ENG suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, (except as to Defendant COUNTY), statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).

## FIFTH CAUSE OF ACTION

### UNRUH CIVIL RIGHTS ACT

(California Civil Code §§ 51, 52)

(Against all Defendants)

72. PLAINTIFFS hereby incorporate by reference each and every allegation contained in the foregoing paragraphs, as though each was fully set forth at length herein.

73. PLAINTIFFS are informed and believe, and thereupon alleges, that LAW ENFORCEMENT DEFENDANTS, and each of them, are responsible for implementing, promulgating, maintaining, sanctioning, condoning, or ratifying policies, procedures, practices and/or customs, under which LAW ENFORCEMENT DEFENDANTS including DEPUTIES and DOES 5-100, and each of them, committed or carried out the illegal, wrongful or tortious acts herein complained of. PLAINTIFFS are also informed and believe, and thereupon alleges, that LAW ENFORCEMENT DEFENDANTS and its DEPUTIES were and are responsible for the administration of the Los Angeles Sherriff's Department for selecting, hiring, educating, training

- 15 -

1 and supervision of persons working for and within the LAW ENFORCEMENT DEFENDANTS,

2 including its DEPUTIES and DOES 5-100, inclusive, and each of them.

3      73.    PLAINTIFFS are informed and believe, and thereupon alleges, that APFC, and each

4 of them, are responsible for implementing, promulgating, maintaining, sanctioning, condoning, or

5 ratifying policies, procedures, practices and/or customs, under which the APFC committed or

6 carried out the illegal, wrongful or tortious acts herein complained of. PLAINTIFFS are also

7 informed and believe, and thereupon alleges, that APFC was and is responsible for the selecting,

8 hiring, educating, training and supervision of persons working for and within the APFC.

9      74.    That LAW ENFORCEMENT DEFENDANTS and its DEPUTIES, and each of them,

10 are liable for any and all illegal, tortious and wrongful acts complained of herein, committed or

11 carried out by any of the individual DEPUTIES in their individual capacities, and/or in their

12 official capacities done under color of law, including the acts or omissions of DOES 5-100,

13 inclusive, and each of them.

14      75.    PLAINTIFFS allege that Defendants, and each of them, by and through the herein

15 detailed and described acts, omissions, policies, patterns, practices and customs, and

16 encouragement, authorization and ratification of same, interfered or attempted to interfere by

17 threats, intimidation or coercion, with the exercise or enjoyment by JAZMYNE HA ENG, of her

18 secured rights.

19      76.    PLAINTIFFS allege that Defendants, and each of them, subjected JAZMYNE HA

20 ENG, to violence or intimidation by threat of violence in violation of California Civil Code § 51.7,

21 and violated California Civil Code §§ 51 et seq., 52, 52.1 because of her sex, race, color, ancestry

22 and/or national origin, disability, medical condition or perception thereof. As a result of the

23 aforesaid acts, JAZMYNE HA ENG was caused to suffer severe injuries to her person leading to

24 her eventual death. That all said Defendants are therefore liable to JAZMYNE HA ENG under

25 California Civil Code §52(b). That had JAZMYNE HA ENG been of another sex, race, color,

26 ancestry and/or national origin, disability, medical condition, or perceived thereof, that

27 DEFENDANTS and each of them would have acted and/or reacted much differently to the

28 presenting facts and circumstances on January 4, 2012 to wit, with less or no use of force.

PLAINTIFFS' COMPLAINT FOR DAMAGES

77.     By reason of the conduct, acts, omissions of Defendants, and each of them, JAZMYNE HA ENG was deprived of the rights, privileges, immunities and equal protection afforded her under the Constitution of the State of California, and the laws created hereunder, in that LAW ENFORCEMENT DEFENDANTS' assault on JAZMYNE HA ENG, amounted to an arbitrary and/or racially/national origin/ethnic/disability/medically motivated intrusion into the security of JAZMYNE HA ENG's privacy and person, and was not authorized by law.

78.     That the above described conduct, acts or omissions by Defendants, and each of them, deprived JAZMYNE HA ENG of her rights protected by the Constitution of the State of California, and were done with malicious motive or intent, and/or with reckless or callous indifference to her rights.

79.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, JAZMYNE HA ENG sustained great physical and mental pain and shock to her nervous system, fear, anxiety, torment, degradation and emotional distress.

80.     In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, JAZMYNE HA ENG suffered special and general damages in an amount to be proven at trial.

81.     PLAINTIFFS seek reasonable attorney's fees pursuant to California Civil Code § 52.1 (h) and treble damages pursuant to the Unruh Act and California Civil Code § 52 against all DEFENDANTS.

82.     PLAINTIFFS further allege that in using excessive force against JAZMYNE HA ENG, DEFENDANTS, including DOES 1-100, inclusive, and each of them, acted intentionally, willfully, maliciously and in a discriminatory manner as described above, and said DEFENDANTS, in so acting, intended to oppress and cause injury to JAZMYNE HA ENG. PLAINTIFFS are therefore, entitled to an award of punitive damages against Defendants (except as to Defendant COUNTY), including DOES 1-100, and each of them.

///
///
///

PLAINTIFFS' COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

### VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983)

#### (Against LAW ENFORCEMENT DEFENDANTS)

83.     PLAINTIFFS hereby incorporate by reference each and every allegation contained in the foregoing paragraphs, as though each was fully set forth at length herein.

84.     That LAW ENFORCEMENT DEFENDANTS, and each of them, including DEPUTIES, used unreasonable and excessive force to arrest JAZMYNE HA ENG.  At no time did any actions or inactions of JAZMYNE HA ENG warrant the use of the unreasonable and excessive force engaged in by the LAW ENFORCEMENT DEFENDANTS.

85.     Both prior to and during the time in which she was shot, JAZMYNE HA ENG posed no reasonable threat of violence justifying the use of both a TASER and the discharge of the DEPUTIES' service weapons.  Both prior to and during the time in which she was shot, JAZMYNE HA ENG made no aggressive movement, no furtive actions, and no physical movements which would suggest to a reasonable deputy that JAZMYNE HA ENG had the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which DEPUTIES shot JAZMYNE HA ENG with a TASER then subsequently with their service weapons, they were not faced with any circumstances which would have led a reasonable deputy to believe that JAZMYNE HA ENG posed a risk of death, or serious bodily injury to any person. Both prior to and during the time in which defendant deputies shot JAZMYNE HA ENG, she did not consent to the use of force used upon her.

86.     Prior to the time in which she was shot, JAZMYNE HA ENG had waited patiently for up to five hours in the lobby of the APFC without posing a threat to anybody.

87.     This action at law for money damages arises under Title 42 U.S.C § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to JAZMYNE HA ENG by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

88.　Commencing at or about the aforementioned date and place, without cause, authority or justification, and acting or purporting to act under color of law and in the performance of his/her duties, the individual LAW ENFORCEMENT DEFENDANTS and each of them, intentionally, outrageously and maliciously deprived JAZMYNE HA ENG of rights secured to her by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

89.　LAW ENFORCEMENT DEFENDANTS, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive JAZMYNE HA ENG of rights against due process of law and liberty interests secured thereby, including the right to be free from excessive and unreasonable force.

90.　As a proximate result of the aforesaid acts and omissions of LAW ENFORCEMENT DEFENDANTS, and each of them, JAZMYNE HA ENG sustained great physical and mental pain and shock to her nervous system, experienced fear, anxiety, torment, degradation, emotional distress, and ultimately died from the direct and unjustified acts of the DEPUTIES.

91.　In addition, by reason of the aforementioned acts and omissions of LAW ENFORCEMENT DEFENDANTS, and each of them, PLAINTIFFS suffered special and general damages in an amount to be proven at trial.

92.　LAW ENFORCEMENT DEFENDANTS, and each of their actions, activities, conduct, and behavior, in their use of excessive and unreasonable force, was a substantial factor in causing PLAINTIFFS harm.

93.　By reason of the aforementioned acts of LAW ENFORCEMENT DEFENDANTS, and each of them, PLAINTIFFS were compelled to secure the services of an attorney at law to redress the wrongs herein mentioned and by virtue thereof, PLAINTIFFS are indebted and liable for attorney's fees.

94.　The aforementioned acts and omissions of LAW ENFORCEMENT DEFENDANTS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress JAZMYNE HA ENG with a conscious and deliberate disregard of JAZMYNE HA ENG's constitutional rights and by reason thereof, PLAINTIFFS seek punitive and

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  exemplary damages from LAW ENFORCEMENT DEFENDANTS, and each of them, in an

2  amount as proved.

3  ### SEVENTH CAUSE OF ACTION

4  ### EXCESSIVE USE OF FORCE (42 U.S.C. § 1983)

5  (Against LAW ENFORCEMENT DEFENDANTS)

6   95.   PLAINTIFFS hereby incorporate by reference each and every allegation contained in

7  the foregoing paragraphs, as though each was fully set forth at length herein.

8   96.   That LAW ENFORCEMENT DEFENDANTS, and each of them, including

9  DEPUTIES, used unreasonable and excessive force to arrest JAZMYNE HA ENG.  At no time did

10  any actions or inactions of JAZMYNE HA ENG warrant the use of unreasonable and excessive

11  force engaged in by the LAW ENFORCEMENT DEFENDANTS.

12   97.   Both prior to and during the time in which she was shot, JAZMYNE HA ENG posed

13  no reasonable threat of violence justifying the use of both a TASER and the discharge of the

14  DEPUTIES' service weapons.  Both prior to and during the time in which she was shot,

15  JAZMYNE HA ENG made no aggressive movement, no furtive actions, and no physical

16  movements which would suggest to a reasonable deputy that JAZMYNE HA ENG had the ability

17  to inflict substantial bodily harm against any individual. Both prior to and during the time in which

18  defendant deputies shot JAZMYNE HA ENG with a TASER then subsequently with their service

19  weapons, they were not faced with any circumstances which would have led a reasonable deputy to

20  believe that JAZMYNE HA ENG posed a risk of death, or serious bodily injury to any person.

21  Both prior to and during the time in which defendant deputies shot JAZMYNE HA ENG, she did

22  not consent to the use of force used upon her.

23   98.   Prior to the time in which she was shot, JAZMYNE HA ENG had waited patiently

24  for up to five hours in the lobby of the APFC without posing a threat to anybody.

25   99.   This action at law for money damages arises under Title 42 U.S.C § 1983 and the

26  United States Constitution, the laws of the State of California and common law principles to

27  redress a deprivation under color of state law of rights, privileges and immunities secured to

28

-20-

1  JAZMYNE HA ENG by said statutes, and by the First, Fourth, and Fourteenth Amendments of the

2  United States Constitution.

3       100.   Commencing at or about the aforementioned date and place, without cause, authority

4  or justification, and acting or purporting to act under color of law and in the performance of his/her

5  duties, the individual LAW ENFORCEMENT DEFENDANTS and each of them, intentionally,

6  outrageously and maliciously deprived JAZMYNE HA ENG of rights secured to her by the First,

7  Fourth, and Fourteenth Amendments to the United States Constitution.

8       101.   LAW ENFORCEMENT DEFENDANTS, and each of them, carried out and

9  perpetrated the mutually supportive conspiracy to deprive JAZMYNE HA ENG of rights against

10  due process of law and liberty interests secured thereby, including the right to be free from

11  excessive and unreasonable force.

12       102.   As a proximate result of the aforesaid acts and omissions of LAW ENFORCEMENT

13  DEFENDANTS, and each of them, JAZMYNE HA ENG sustained great physical and mental pain

14  and shock to her nervous system, fear, anxiety, torment, degradation, emotional distress, and

15  ultimately passed away.

16       103.   In addition, by reason of the aforementioned acts and omissions of LAW

17  ENFORCEMENT DEFENDANTS, and each of them, PLAINTIFFS suffered special and general

18  damages in an amount to be proven at trial.

19       104.   LAW ENFORCEMENT DEFENDANTS, and each of their actions, activities,

20  conduct, and behavior, in their use of excessive and unreasonable force, was a substantial factor in

21  causing PLAINTIFFS harm.

22       105.   By reason of the aforementioned acts of LAW ENFORCEMENT DEFENDANTS,

23  and each of them, PLAINTIFFS were compelled to secure the services of an attorney at law to

24  redress the wrongs herein mentioned and by virtue thereof, PLAINTIFFS are indebted and liable

25  for attorney's fees.

26       106.   The aforementioned acts and omissions of LAW ENFORCEMENT DEFENDANTS

27  were committed by each of them knowingly, willfully and maliciously, with the intent to harm,

28  injure, vex, harass and oppress JAZMYNE HA ENG with a conscious and deliberate disregard of

PLAINTIFFS' COMPLAINT FOR DAMAGES

JAZMYNE HA ENG's constitutional rights and by reason thereof, PLAINTIFFS seek punitive and exemplary damages from LAW ENFORCEMENT DEFENDANTS (except as to Defendant COUNTY), and each of them, in an amount as proved.

<u>**EIGHTH CAUSE OF ACTION**</u>

LOCAL GOVERNMENT LIABILITY (42 U.S.C. § 1983)

(Against COUNTY and LACSD)

107.    PLAINTIFFS hereby incorporate by reference each and every allegation contained in the foregoing paragraphs, as though each was fully set forth at length herein.

108.    Defendant COUNTY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California and at all times herein mentioned, Defendant COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (LACSD) and its tactics, methods practices, customs and usages.

109.    At all times herein mentioned, DEPUTIES and each of them, were officers, sheriffs, deputies, sergeants, detectives, and/or civilian employees, representatives, directors, or agents, acting under the COUNTY, and LACSD's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, and Fourteenth Amendments respectively to the United States Constitution.

110.    The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by LACSD include, but are not limited to:

      a.    LACSD's knowledge, prior to and since this incident, of similar allegations of wrongful and unlawful shootings, dishonest justification of the use of excessive force, and corruption by LACSD employees, including the individual DEFENDANTS herein, and refused, with deliberate indifference, to enforce established administrative procedures to insure public safety, protect citizens' rights and the PLAINTIFFS' liberty interests;

-22-

    b.  LACSD refused to adequately discipline individual employees found to have committed similar acts of misconduct;

    c.  LACSD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by law enforcement employees;

    d.  LACSD reprimanded, threatened, intimidated, demoted and fired employees who reported acts of abuse by other law enforcement employees;

    e.  DEFENDANTS covered up acts of misconduct and abuse by law enforcement employees and sanctioned a code of silence by and among LACSD deputies;

    f.  LACSD failed to adequately supervise the actions of employees under its control;

    g.  LACSD tacitly condone and encourage a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct;

    h.  LACSD tacitly condone and encourage use of excess force on citizens and refuses to enforce or teach stated policies;

111.   LACSD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by January 4, 2012, and thereafter, represented the unconstitutional policies, practices and customs of the DEPUTIES.

112.   LACSD knew or should have known that unconstitutional policies, practices and customs promulgated, maintained, applied, and enforced by LACSD were likely to result in a deprivation of the rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, including the use of unreasonable and excessive force.

113.   Commencing at or about the aforementioned date and place, without cause, authority or justification, and acting or purporting to act under color of law and in the performance of his/her duties, the individual LAW ENFORCEMENT DEFENDANTS and each of them, intentionally, outrageously and maliciously deprived JAZMYNE HA ENG of rights secured to her by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

114.   By reason of the aforesaid policies, customs, practices and usages, JAZMYNE HA ENG's First, Fourth and Fourteenth Amendments to the United States Constitution were violated.

- 23 -

PLAINTIFFS' COMPLAINT FOR DAMAGES

## NINTH CAUSE OF ACTION

### FAILURE TO TRAIN (42 U.S.C. § 1983)

(Against LAW ENFORCEMENT DEFENDANTS)

115.    PLAINTIFFS hereby incorporate by reference each and every allegation contained in the foregoing paragraphs, as though each was fully set forth at length herein.

116.    PLAINTIFFS are informed and believe and thereupon allege that LAW ENFORCEMENT DEFENDANTS' training program was not adequate to train its officers, sheriffs, deputies, sergeants, detectives, and/or civilian employees, representatives, directors, or agents.

117.    LAW ENFORCEMENT DEFENDANTS knew or should have known that inadequate training promulgated, maintained, applied, and enforced by LAW ENFORCEMENT DEFENDANTS was likely to result in a deprivation of the rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution, including the use of unreasonable and excessive force.

118.    The LAW ENFORCEMENT DEFENDANTS' training was not adequate to train its OFFICERS, and other employees to handle the usual and recurring situations with which they must deal, as described above.

119.    The LAW ENFORCEMENT DEFENDANTS were deliberately indifferent to the obvious consequences of its failure to train its employees with respect to responding to calls for service dealing with mentally ill people.

120.    The LAW ENFORCEMENT DEFENDANTS' failure to provide adequate training to its employees caused the deprivation of the JAZMYNE HA ENG's rights, and their failure to train is so closely related to the deprivations complained of in this action of JAZMYNE HA ENG's constitutional rights as to be the moving force causing his injuries.

121.    Commencing at or about the aforementioned date and place, without cause, authority or justification, and acting or purporting to act under color of law and in the performance of his/her duties, the individual LAW ENFORCEMENT DEFENDANTS and each of them, intentionally, outrageously and maliciously deprived JAZMYNE HA ENG of rights secured to her by the First,

- 24 -

Fourth, and Fourteenth Amendments to the United States Constitution.

122. As a direct and proximate result of the aforementioned breaches, including failure to provide adequate training, JAZMYNE HA ENG and PLAINTIFFS suffered pain, mental anguish, emotional distress and physical distress, and was injured in mind and body, causing damage in a sum within the jurisdiction of this court and according to proof at trial.

123. The aforementioned acts and omissions of LAW ENFORCEMENT DEFENDANTS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress JAZMYNE HA ENG with a conscious and deliberate disregard of her constitutional rights and by reason thereof, PLAINTIFFS seek punitive and exemplary damages from LAW ENFORCEMENT DEFENDANTS (except as to Defendant COUNTY), and each of them, in an amount as proved.

**TENTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

(Against All Defendants)

124. PLAINTIFFS hereby incorporate by reference each and every allegation contained in the foregoing paragraphs, as though each was fully set forth at length herein.

125. On or about January 4, 2012, and thereafter, JAZMYNE HA ENG was entitled to the due care, service and protection by Defendants.

126. Defendants, and each of them engaged in actions, activities, conduct, and behavior that was intentional, negligent, outrageous, and malicious.

127. In doing the aforementioned, Defendants' conduct was a substantial factor in causing JAZMYNE HA ENG and PLAINTIFFS to suffer emotional suffering and mental distress, indignity, fear, grief, shock, humiliation, shame, anxiety, stress, heartache, and mental anguish.

128. On or about January 4, 2012, and thereafter, Defendants and each of them, unlawfully caused JAZMYNE HA ENG to be shot and killed without reasonable cause, leading PLAINTIFFS to suffer from tremendous mental pain.

129. As a direct and proximate result of the foregoing, JAZMYNE HA ENG suffered, and PLAINTIFFS continue to suffer, mental and emotional distress and is entitled to and demand

- 25 -

damages against Defendants jointly and severally.

## TENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

130.   PLAINTIFFS hereby incorporate by reference each and every allegation contained in the foregoing paragraphs, as though each was fully set forth at length herein.

131.   On or about January 4, 2012, and thereafter, JAZMYNE HA ENG was entitled to the due care, service and protection by Defendants.

132.   Defendants, and each of them engaged in actions, activities, conduct, and behavior that was outrageous and unreasonable.

133.   In doing the aforementioned, Defendants' conduct was intentional, negligent, outrageous, malicious, and done for the purpose and/or reckless disregard of causing PLAINTIFFS to suffer emotional suffering and mental distress, indignity, fear, grief, shock, humiliation, shame, anxiety, and mental anguish.

134.   LACSD and DEPUTIES knew that their use of excessive and unreasonable force would cause PLAINTIFFS to suffer emotional suffering and mental distress, indignity, fear, grief, shock, humiliation, shame, anxiety, and mental anguish.

135.   On or about January 4, 2012, and thereafter, Defendants and each of them, unlawfully caused JAZMYNE HA ENG to be shot without reasonable cause; subjected JAZMYNE HA ENG to excessive unreasonable force and malicious physical pain and suffering and conspired among themselves to violate PLAINTIFFS' rights and intentionally cause, and did cause, injury and harm to PLAINTIFFS.

136.   As a direct and proximate result of the foregoing, JAZMYNE HA ENG suffered, and PLAINTIFFS continue to suffer, mental and emotional distress and is entitled to and demand damages against Defendants jointly and severally, including, but not limited to general and punitive damages (except as to Defendant COUNTY) and attorney's fees.

## TWELFTH CAUSE OF ACTION

### NEGLIGENT CONDUCT OF PUBLIC EMPLOYEE

- 26 -

PLAINTIFFS' COMPLAINT FOR DAMAGES

(Against LAW ENFORCEMENT DEFENDANTS)

137.   PLAINTIFFS hereby incorporate by reference each and every allegation contained in the foregoing paragraphs, as though each was fully set forth at length herein.

138.   PLAINTIFFS are informed and believe, and thereupon allege, that at all times mentioned herein, LAW ENFORCEMENT DEFENDANTS and each of them, including DEPUTIES and DOES 5 through 100, inclusive and each of them, were the agents, servants, and/or employees of LAW ENFORCEMENT DEFENDANTS, and were, as such, acting within the course, scope and authority of said agency and/or employment.

139.   That on or about January 4, 2012, DEPUTIES and DOES 5-100, inclusive, and each of them while acting under the course and scope of their employment with LAW ENFORCEMENT DEFENDANTS, negligently used excessive, deadly force against JAZMYNE HA ENG, by among other things, firing a TASER gun at JAZMYNE HA ENG, then subsequently discharging their service weapons at JAZMYNE HA ENG. That said DEFENDANTS and each of them, unnecessarily, unreasonably and negligently used deadly force against JAZMYNE HA ENG, unnecessarily, unreasonably and negligently drew and brandished their weapons at JAZMYNE HA ENG and/or otherwise unnecessarily used said weapons against JAZMYNE HA ENG and brutally killer her.

140.   That at all relevant times, LAW ENFORCEMENT DEFENDANTS, inclusive, and each of them, knew, or in the exercise of reasonable care should have known, that JAZMYNE HA ENG should never have been shot with TASER gun, nor the DEPUTIES' service weapons, or any other means of deadly force.

141.   That LAW ENFORCEMENT DEFENDANTS, and each of them, negligently, recklessly, willfully and wantonly formulated, implemented, executed, authorized and/or ratified an existing, express or implied police policy, pattern, procedure and/or practice of negligently using force despite the absence of an armed suspect and/or without reasonable justification for the use of such force.

142.   PLAINTIFFS are informed and believe, and thereupon allege, that the events referred to in the Complaint concerning the unwarranted and unlawful use of excessive force, were directly

-27-

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  and proximately caused by the LAW ENFORCEMENT DEFENDANTS' conduct, acts, failure to

2  act, omissions, negligence, recklessness, and failure to exercise the duty of ordinary care owed to

3  JAZMYNE HA ENG, thereby directly and proximately causing JAZMYNE HA ENG to suffer

4  serious injuries, extensive damages as described in this Complaint, and her death.

5     143.   On or about January 4, 2012, and thereafter, LAW ENFORCEMENT

6  DEFENDANTS and each of them, unlawfully caused JAZMYNE HA ENG to be shot with a

7  TASER and shot with a service weapon multiple times without reasonable cause; subjected

8  JAZMYNE HA ENG to excessive unreasonable force and malicious physical pain and suffering

9  and conspired among themselves to violate JAZMYNE HA ENG's rights and intentionally cause,

10  and did cause, injury, harm, and death to JAZMYNE HA ENG.

11     144.   PLAINTIFFS are informed and believe, and thereupon allege that each and every

12  individual LAW ENFORCEMENT DEFENDANTS, including DEPUTIES and DOES 5-100

13  inclusive, would be personally liable for the actions alleged herein.

14     145.   As a direct and proximate result of the foregoing, JAZMYNE HA ENG has suffered,

15  and PLAINTIFFS continue to suffer, mental and emotional distress and are entitled to and demand

16  damages against LAW ENFORCEMENT DEFENDANTS jointly and severally, including, but not

17  limited to general and punitive damages (except as to Defendant COUNTY) and attorney's fees.

18  **FOURTEENTH CAUSE OF ACTION**

19  **WRONGFUL DEATH**

20  (Against ALL Defendants)

21     146.   PLAINTIFFS hereby incorporate by reference each and every allegation contained in

22  the foregoing paragraphs, as though each was fully set forth at length herein.

23     147.   While acting under color of law, all LAW ENFORCMENT DEFENDANTS in this

24  matter intentionally and negligently applied unnecessary and excessive force to JAZMYNE HA

25  ENG under the circumstances, as herein alleged in the foregoing paragraphs.  As a direct and

26  proximate result of the intentional and negligent application of such unnecessary and excessive

27  force under the circumstances, JAZMYNE HA ENG died immediately on January 4, 2012.

28     148.   The failure of Defendant APFC to have procured a policy, procedure, or other

- 28 -

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  method to handle a distraught patient breached the duty of due care owed to PLAINTIFFS and

2  JAZMYNE HA ENG in that the APFC should have reasonably foreseen the possibility that a

3  patient may behave in a similar manner as JAZMYNE HA ENG, and calling law enforcement

4  would likely, and ultimately did lead to her tragic death.

5      149.   Prior to the death of JAZMYNE HA ENG, PLAINTIFFS lived with JAZMYNE HA

6  ENG and were dependent on her support and maintenance. At all times prior to her death,

7  JAZMYNE HA ENG was a loving and caring sister and daughter to PLAINTIFFS.

8      150.   As a direct and proximate result of Defendants' intentional and negligent application

9  of excessive and unnecessary force to JAZMYNE HA ENG, and as a direct and proximate result of

10 the ensuing death of JAZMYNE HA ENG, PLAINTIFFS have sustained pecuniary loss resulting

11 from the absence of society, comfort, attention, services, and support of JAZMYNE HA ENG, in

12 an amount according to proof.

13     151.   As a further direct and proximate result of the conduct of all Defendants and the

14 ensuing death of JAZMYNE HA ENG, PLAINTIFFS have incurred funeral expenses and

15 cremation expenses.

16     152.   As a direct and proximate result of the foregoing wrongful death of JAZMYNE HA

17 ENG caused by the tortious conduct of the Defendants, and each of them, PLAINTIFFS are

18 entitled to and demand damages against all Defendants, jointly and severally, including but not

19 limited to general and special damages.

20                          **PRAYER FOR RELIEF**

21 Wherefore, PLAINTIFFS pray for judgment and relief as follows:

22     1.     For general damages to be proven at trial;

23     2.     For special damages to be proven at trial;

24     3.     For punitive damages to be proven at trial (except as to Defendant COUNTY);

25     4.     For prejudgment interest;

26     5.     For attorney's fees;

27     6.     For the costs of this action; and

28     7.     For any further legal and equitable relief the Court deems proper.

PLAINTIFFS' COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2       PLAINTIFFS hereby demand a jury trial.

3

4

5 Dated: November 14, 2012              G I R A R D I | K E E S E

6

7                                   BY:

8                                  ROBERT W. FINNERTY

9                                   Attorney for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-30-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| THOMAS V. GIRARDI, SBN 36603<br>ROBERT W. FINNERTY, SBN 119775<br>GIRARDI \| KEESE<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017 | ORIGINAL FILED<br><br>NOV 14 2012<br><br>LOS ANGELES<br>SUPERIOR COURT |

TELEPHONE NO.: 213.977.0211    FAX NO.: 213.481.1554
ATTORNEY FOR (Name): Plaintiffs Susan P. Eng, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 300 East Walnut Street
MAILING ADDRESS:
CITY AND ZIP CODE: Pasadena, CA 91101-1566
BRANCH NAME: Northeast District

CASE NAME: ENG, ET AL., V. PACIFIC CLINICS, ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: G C 0 5 0 4 8 5 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive

4. Number of causes of action (specify): 13

5. This case [ ] is  [x] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 14, 2012

ROBERT W. FINNERTY
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Legal
Solutions
Plus

| SHORT TITLE: ENG, ET AL., V. PACIFIC CLINICS, ET AL. | CASE NUMBER GC 0 5 0 4 8 5 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL X [ ] HOURS/ 9 DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A** , the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [X] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04
**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**
Local Rule 2.0
Page 1 of 4
LA-CV109

| SHORT TITLE: ENG, ET AL., V. PACIFIC CLINICS, ET AL. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: ENG, ET AL., V. PACIFIC CLINICS, ET AL. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: ENG, ET AL., V. PACIFIC CLINICS, ET AL. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 9353 Valley Boulevard |
|---|---|
| ☐1. ☐2. ☐3. ☒4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Rosemead | STATE: CA | ZIP CODE: 91770 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>civil</u> courthouse in the <u>northeast</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>11/14/12</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

ROBERT W. FINNERTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (05-09)
LASC Approved

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (non-custody):**

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Select Panel**  The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel**  The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**  The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process *(describe)*: _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

DR 001 10-04
ASC Approved
rev. 01-07)

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | | Case Number |
|---|---|---|
| | | |

| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

# LOS ANGELES COUNTY
## DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

## THIS IS A TWO-SIDED DOCUMENT.

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement and/or to gain some understanding of the issues. The parties jointly become the primary decision-makers in how to resolve the issues as opposed to the traditional judge and jury way system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or received legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties... | A Mediator does not... |
|---|---|
| ♦Have productive discussions | ♦Provide advice or opinions |
| ♦Avoid or break impasses | ♦Offer legal information |
| ♦Defuse controversy | ♦Make decisions for parties |
| ♦Generate options that have potential for mutual gain | ♦Represent or advocate for either side |
| ♦Better understand each other's concerns and goals | ♦Judge or evaluate anyone or anything |
| ♦Focus on their interests rather than their positions | ♦Conduct legal research |
| | ♦Take sides |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

Self-Help Legal Access Centers are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls.la.org and lafla.org.

Court Personnel can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

Low-income individuals may qualify for help from Non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

---

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons).

---

**THIS IS A TWO-SIDED DOCUMENT.**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
300 EAST WALNUT STREET, PASADENA, CALIFORNIA 91101

PLAINTIFF:

DEFENDANT:

Reserved for Clerk's File Stamp

ORIGINAL FILED
LOS ANGELES
SUPERIOR COURT
NOV 14 2012

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:

GC050485

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: MAY 1 8 | Time: 8:30 a.m. | Dept.: NFP NEB NBA |

NEP-JAN A. PLUIM
NER-C. EDWARD SIMPSON
NE A MARY THORNTON HOUSE

NOTICE TO DEFENDANT:  THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: NOV 14 2012

MARY THORNTON HOUSE
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive/Officer Clerk

Dated: _____        By _____
                                          Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

# EXHIBIT - 2

| | SUM-100 |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** PACIFIC CLINICS DBA ASIAN PACIFIC
*(AVISO AL DEMANDADO):* FAMILY CENTER; THE COUNTY OF LOS
ANGELES; THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,
and DOES 1-100,

ORIGINAL FILED

NOV 14 2012

LOS ANGELES
SUPERIOR COURT

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN P. ENG, VINCENT
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ENG, VINLY ENG, GET
LIM, EK TEK ENG, AND NANCY ENG, ON BEHALF OF THE
ESTATE OF JAZMYNE HA ENG

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court California-County Los Angeles<br>300 East Walnut Street<br><br>Pasadena, CA 91101-1566 | CASE NUMBER:<br>*(Número del Caso):*    G C 0 5 0 4 8 5 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Girardi | Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017      213.977.0211    213.481.1554

| DATE: NOV 14 2012 | JOHN A. CLARKE | Clerk, by | SANDRA LOPEZ | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* The County of Los Angeles

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
            ☑ other *(specify):* CCP 416.50 Public Entity
4. ☐ by personal delivery on *(date):*

| | | Page 1 of 1 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Legal
Solutions
Plus

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED

NOV 14 2012

LOS ANGELES
SUPERIOR COURT

FILED

**NOTICE TO DEFENDANT:** PACIFIC CLINICS DBA ASIAN PACIFIC
*(AVISO AL DEMANDADO):* FAMILY CENTER; THE COUNTY OF LOS
ANGELES; THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,
and DOES 1-100,

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN P. ENG, VINCENT
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ENG, VINLY ENG, GET
LIM, EK TEK ENG, AND NANCY ENG, ON BEHALF OF THE
ESTATE OF JAZMYNE HA ENG

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court California-County Los Angeles
300 East Walnut Street

Pasadena, CA 91101-1566

**CASE NUMBER:**
*(Número del Caso):*
GC 050485

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
213.977.0211   213.481.1554

Girardi | Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017

**DATE:** NOV 1 4 2012
*(Fecha)*

**JOHN A. CLARKE**
Clerk, by _____, Deputy
*(Secretario)*   SANDRA LOPEZ   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Los Angeles County Sheriff's Department

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☑ other *(specify):* CCP 416.50 Public Entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**   11/26/12

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

[SEAL]

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 700 South Flower Street, Suite 900, Los Angeles, California 90017-4121.

On December 21, 2012, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1441(a) AND 1446(a)** on the interested parties in this action as follows:

Thomas V. Girardi, Esq.                    ***Attorneys for Plaintiffs***
Robert W. Finnerty, Esq.
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hurrell Cantrall's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 21, 2012, at Los Angeles, California.

_____
Edilma Olivares

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV12- 10892 SVW (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

# SUMMONS
## (CITATION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** PACIFIC CLINICS DBA ASIAN PACIFIC
*(AVISO AL DEMANDADO):* FAMILY CENTER; THE COUNTY OF LOS
ANGELES; THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,
and DOES 1-100,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED

NOV 14 2012

LOS ANGELES
SUPERIOR COURT

FILED

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN P. ENG, VINCENT
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ENG, VINLY ENG, GET
LIM, EK TEK ENG, AND NANCY ENG, ON BEHALF OF THE
ESTATE OF JAZMYNE HA ENG

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court California-County Los Angeles<br>300 East Walnut Street<br><br>Pasadena, CA 91101-1566 | **CASE NUMBER:**<br>*(Número del Caso):*<br>GC050485 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Girardi | Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017

213.977.0211     213.481.1554

| DATE: NOV 14 2012<br>*(Fecha)* | JOHN A. CLARKE | Clerk, by | SANDRA LOPEZ | , Deputy |
|---|---|---|---|---|
| | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* The County of Los Angeles

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☑ other *(specify):* CCP 416.5C Public Entity

4. ☐ by personal delivery on *(date):* 11/26/12

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|

Page 1 of 1

Legal
Solutions
& Plus

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** PACIFIC CLINICS DBA ASIAN PACIFIC
*(AVISO AL DEMANDADO):* FAMILY CENTER; THE COUNTY OF LOS
ANGELES; THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,
and DOES 1-100,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL FILED

NOV 14 2012

LOS ANGELES
SUPERIOR COURT

**YOU ARE BEING SUED BY PLAINTIFF:** SUSAN P. ENG, VINCENT
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* ENG, VINLY ENG, GET
LIM, EK TEK ENG, AND NANCY ENG, ON BEHALF OF THE
ESTATE OF JAZMYNE HA ENG

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court California-County Los Angeles<br>300 East Walnut Street<br><br>Pasadena, CA  91101-1566 | CASE NUMBER:<br>*(Número del Caso):*<br>GC050485 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
213.977.0211    213.481.1554
Girardi | Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017

DATE: NOV 1 4 2012    JOHN A. CLARKE    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    SANDRA LOPEZ    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Los Angeles County Sheriff's Department
   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* CCP 416.50  Public Entity
4. ☐ by personal delivery on *(date):*  11-26-12

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SUSAN P. ENG, VINCENT ENG, VINLY ENG, GET LIM, EK TEK ENG, AND NANCY ENG, ON BEHALF OF THE ESTATE OF JAZMYNE HA ENG, | PACIFIC CLINICS DBA ASIAN PACIFIC FAMILY CENTER; THE COUNTY OF LOS ANGELES; THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and DOES 1-100 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Thomas V. Girardi, Esq.<br>GERARDI & KEESE<br>1126 Wilshire Blvd., Los Angeles, CA 90017, Tel.: (213) 977-0211 | Robert L. McKenna, III, Esq., Attorneys for Defendant Pacific Clinics;<br>Thomas C. Hurrell, Esq., Attorneys for Defendants, County of Los Angeles and Los Angeles County Sheriff's Department |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC Section 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☑ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent<br>☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV 1 2 1 0 8 9 2

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| County of Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| County of Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| County of Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  12 / 21 / 12

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 700 South Flower Street, Suite 900, Los Angeles, California 90017-4121.

4

5

On December 21, 2012, I served true copies of the following document(s) described as **CIVIL COVER SHEET (CV-71)** on the interested parties in this action as follows:

6

Thomas V. Girardi, Esq.                         ***Attorneys for Plaintiffs***
Robert W. Finnerty, Esq.
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

7

8

9

10

11

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hurrell Cantrall's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

12

13

14

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15

16

Executed on December 21, 2012, at Los Angeles, California.

17

18

19

Edilma Olivares

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
700 SOUTH FLOWER STREET, SUITE 900
LOS ANGELES, CALIFORNIA 90017-4121
TELEPHONE (213) 426-2000